UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD McELHANEY AND : | |
| KAREN McELHANEY, his wife : | |
| 102 Honeytree Court : | |
| Venetia, Pennsylvania 15367 : | |
|     Plaintiff : | |
| v. : | |
| NLB CORPORATION : | NO. |
| 159 Harmony Road : | |
| Mickleton, NJ 08056 : | JURY TRIAL DEMANDED |
|     Defendant : | |

## CIVIL ACTION COMPLAINT

### JURISDICTION

1. This action is brought in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is a controversy between citizens of different states; the plaintiff is a resident of Pennsylvania and the defendant Corporation resides in New Jersey; the amount in controversy also exceeds the arbitration limits.

2. This cause of action arises from events which occurred on December 9, 2004 at property site of National Liquid Blasting Corporation ["NLB"] in Mickleton, New Jersey. Plaintiff, Richard McElhaney, was contacted by the water stream of a NLB high-pressure water jet during a training session. As a result, Mr. McElhaney was caused to suffer severe and catastrophic injuries, more particularly, described herein.

3. Plaintiff, Richard McElhaney, ["Plaintiff"] is an individual, citizen and resident of the State of Virginia residing therein at 102 Honeytree Court, Venetia, Pennsylvania 15367.

4. Plaintiff, Karen McElhaney, the wife of Richard McElhaney, is an individual, citizen and resident of the State of Virginia residing therein at 15105 Toccoa Court, Gainesville, Virginia 20155.

5. Defendant, National Liquid Blasting Corporation ["NLB"], is a corporation with a principal place of business located at 159 Harmony Road Mickletown, New Jersey 08056; at all material times hereto NLB regularly conducted and presently regularly conducts business in the State of New Jersey and regularly conducts business in Mickleton New Jersey.

6. The amount in controversy exceeds the local rules for amounts in controversy requiring arbitration.

7. At all material times hereto defendant acted by itself and by and through its agents, servants and employees, including actual, apparent and/or ostensible agents.

8. On or about December 9, 2004, Richard McElhaney, was part of a construction project team who was present at NLB Corporation for a demonstration and training on a NLB high pressured water jet.

9. On or about December 9, 2004, the training was provided by NLB Corporation employees acting within the course and scope of their employment. The NLB employee supervising this training event was "Duke".

10. On or about December 9, 2004, none of the trainees, including Richard McElhaney, were given appropriate safety gear to wear during the hands-on training provided by NLB.

11. On or about December 9, 2004, the defendant was attempting to train and supervise individuals, including Richard McElhaney, on how to properly utilize the high-pressure water jet.

12. At the time of the referenced incident Brian Lewis was being trained in the operation of the NLB high pressure water jet and under the supervision and control of NLB Corporation and its employees including 'Duke".

13. Brian Lewis, while bring trained at NLB, indicated to NLB employee, "Duke" that the water pressure was too high and that he was losing control of the water jet stream.

14. Brian Lewis requested that "Duke" cut or turn down the water jet stream.

15. On or about December 9, 2004, while Brain Lewis was requesting that the water pressure be decreased and/or cut, NLB employee, "Duke" turned up the pressure instead.

16. "Duke's" activities caused Brian Lewis to lose control of the power pressure wand and strike Richard McElhaney in the legs with the high pressured water stream causing his severe and permanent injuries.

17. As a result of being contacted by the water stream of a NLB high-pressured water jet, Richard McElhaney was caused to suffer injuries including a left superficial femoral vein nerve injury, a right superficial femoral artery nerve injury, abdominal compartment syndrome,bilateral thigh and quadriceps muscle and tendon lacerations, right posterior thigh laceration and other injuries.

18. On or about December 9, 2004, due to the negligence, carelessness and recklessness of defendant NLB Corporation and its employees, Richard McElhaney was caused

to suffer severe and permanent injuries described herein.

19. The negligence, carelessness and recklessness of the defendant was a proximate cause and substantial contributing factor in causing Richard McElhaney's injuries.

20. The negligence, carelessness and recklessness of the defendant includes, but is not limited to, negligent supervision, negligent training and failure to employ safety precautions in the use of a high-pressured water jet.

21. The injuries to Richard McElhaney, were caused solely and exclusively by the acts and omissions of defendant, the negligence and fault of defendant, and were in no way caused or contributed to by any acts or omissions of Richard McElhaney.

### FIRST CAUSE OF ACTION
### PLAINTIFFS V. DEFENDANT NLB CORPORATION

22. The previous paragraphs are incorporated herein.

23. As a direct result of the negligence, carelessness and recklessness of the defendant, its agents, servants, and employees, Richard McElhaney sustained severe, permanent and catastrophic injuries, as well as other personal injuries which are not currently apparent, but which will arise in the future, as follows:

    a. abdominal wall compartment syndrome;

    b. laceration of right femoral artery and vein;

    c. lateral compartment syndrome right leg;

    d. drop right foot;

    e. neuritic pain right foot;

    f. left femoral vein nerve injury;

g. right femoral artery nerve injury;

h. bilateral thigh and quadriceps muscle and tendon lacerations;

i. right posterior thigh laceration;

j. sepsis;

k. thrombocytopenia;

l. requirement for exploratory laparotomy;

m. requirement for fasciotomy;

n. requirement for gastrostomy tube;

o. injuries described in admission history and physical attached hereto;

p. severe, profound and permanent neurologic injury;

q. past pain and suffering;

r. future pain and suffering;

s. past medical expenses;

t. future medical expenses;

u. future medical, nursing, custodial and other expenses relating to the treatment of plaintiff's condition;

v. past mental anguish;

w. future mental anguish;

x. embarrassment;

y. disfigurement;

z. humiliation;

aa. loss of future earning capacity;

  bb. past loss earnings;

  cc. loss of life's pleasures; and

  dd. future loss of life's pleasures;

**SECOND CAUSE OF ACTION**
**LOSS OF CONSORTIUM**
**KAREN McELHANEY v. DEFENDANT NLB CORPORATION**

24. The previous paragraphs are incorporated herein.

25. As a result of the negligence, carelessness and recklessness of the defendant, plaintiff Karen McElhaney has suffered the loss of service, comfort and society of her husband in the past and will continue to do so in the future.

26. As a result of the negligence, carelessness and recklessness of the defendant, plaintiff Karen McElhaney claims the full measure of damages allowable under New Jersey law for the loss of the consortium of her husband, Richard McElhaney.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFFS v. DEFENDANT NLB CORPORATION**

27. The previous paragraphs are fully incorporated herein by reference.

28. The negligence, carelessness, and recklessness of defendant, its agents, servants, and/or employees consisted, among other things, of the following:

  a. negligent failure to provide and use proper safety devices;

  b. negligent failure to protect plaintiff from serious and permanent injuries;

  c. negligent use, operation, and supervision of the high pressure water jet;

  d. negligent placement of high pressure water jet;

e. negligent training on using the high pressure water jet;

f. failure to use proper equipment, materials, and devices to utilize the high pressure water jet;

g. failure to take adequate safety precautions to protect plaintiff;

h. negligent use of inadequate and improper training and supervision techniques;

i. negligently utilizing the high pressure water jet in a manner unsafe for workers;

j. failure to secure the area prior to utilizing the high pressure water jet;

k. negligent maintenance and repair of equipment, including, but not limited to, the high pressure water jet, and other devices and materials used;

l. failure to take necessary and proper precautions, inter alia, providing proper training videos and instruction for use of the high pressure water jet;

m.. negligent supervision of a training project;

n. negligent preparation of placement of high pressure water jet by defendant' agents, servants, and employees;

o. negligent failure of the high pressure water jet trainer to properly adjust the water pressure;

p. negligent failure to provide safety equipment, including, but not limited to hard hat and turtleskin waterarmor;

q. negligent failure of defendant' agents, servants, and employees to properly

        inspect the training site;

r.    negligent failure to inspect the training site prior to use and operation of the high pressure water jet;

s.    negligent failure to select and have the proper high pressure water jet trainers and supervisors;

t.    negligent failure to have proper safety personnel present;

u.    negligent failure to have proper safety personnel;

v.    negligent failure to develop proper safety policies, procedures and guidelines for the use of the high pressure water jets;

w.    negligent failure to develop proper policies, procedures, guidelines, rules, and regulations;

x.    negligent failure to meet governmental and industry safety standards

y.    negligent in failing to cut the pressure when signaled by Brian Lewis;

z.    failure to supervise the training;

aa.    negligent hiring and/or supervision of "Duke";

bb.    failure to properly observe Brian Lewis while being trained on the equipment;

28.    Defendant was negligent as a matter of law in the violation of ordinances and statutes of the State of New Jersey.

**WHEREFORE,** plaintiffs demand damages against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs.

**KLINE & SPECTER**

BY: _____/s/_____
JOEL J. FELLER, ESQUIRE
JOSHUA VAN NAARDEN, ESQUIRE
1800 Chapel Avenue
Commerce Center, Suite 302
Cherry Hill, New Jersey 08002
856-662-1180

DATED: _____